## JOHN F. PHILBRICK v. JAMES D. McDONALD.

(163 N. W. 538.)

**Void tax deed — void judgment — land — title to.**

A void tax deed and a void judgment do not make a perfect title to land.

Opinion filed May 8, 1917.

Appeal from the District Court of Burleigh County, Honorable *W. L. Nuessle,* Judge.

Affirmed.

*F. H. Register* and *Miller, Zuger, & Tillotson,* for appellant.

A judgment of a court of competent jurisdiction upon the merits of a controversy is conclusive between the parties and those in privity with them, upon every question of fact directly in issue and determined in the action. Brown v. Tillman, 121 Ala. 626, 25 So. 836; Bradish v. Grant, 119 Ill. 606, 9 N. E. 332; Gilmore v. Patterson, 36 Me. 544; Stokes v. Foote, 172 N. Y. 327, 65 N. E. 176.

A judgment by default is just as conclusive as one given upon trial where issue is joined. Crossman v. Davis, 79. Cal. 603, 21 Pac. 963; Barton v. Anderson, 104 Ind. 578, 4 N. E. 420; Johnson v. Jones, 58 Kan. 745, 51 Pac. 224; Howard v. Huron, 6 S. D. 180, 26 L.R.A. 498, 60 N. W. 803.

The doctrine of *res judicata* applies to a default judgment with the same validity and force as to a judgment rendered upon a trial of the issues. Mason v. Patterson, 74 Ill. 191; Venable v. Dutch, 37 Kan. 515, 1 Am. St. Rep. 260, 15 Pac. 520; Doyle v. Hallam, 21 Minn. 515; Greenabaum v. Elliott, 60 Mo. 25; Kloke v. Gardels, 52 Neb. 117, 71 N. W. 955.

Judgments rendered in proceedings strictly *in rem* are *inter omnes* by reason of the power and control of the state over the *res,* and irrevocably determine its status or title against all persons, irrespective of whether they had any other than constructive notice of the litigation, or whether they were parties in fact or not. Lord v. Chadbourne, 42 Me. 429, 66 Am. Dec. 290; Farrell v. St. Paul, 62 Minn. 271, 29 L.R.A. 778, 54 Am. St. Rep. 641, 64 N. W. 809; McClurg v. Terry, 21 N. J. Eq. 225; Miller v. Foster, 76 Tex. 479, 13 S. W. 529; Woodruff v. Taylor, 20 Vt. 65.

*Newton, Dullam & Young,* for respondents.

A perfect or merchantable title was contracted for. Such a title is one free from flaws, defects, and of such character as will insure to the purchaser perfect right to and quiet possession of the land. It should be free from litigation and palpable defects and doubts. It should be both legal and equitable, and fairly traceable from the records. Warvelle, Vend. & P. § 299; Justice v. Button, 38 L.R.A. (N.S.) 1, and note, 89 Neb. 367, 131 N. W. 736; Howe v. Coates, 97 Minn. 385, 4 L.R.A. (N.S.) 1170, 114 Am. St. Rep. 723, 107 N. W. 397; Devlin, Deeds, § 1477.

Respondent had the right to demand a perfect title of record. Turner v. McDonald, 76 Cal. 177, 9 Am. St. Rep. 189, 18 Pac. 262; Sheehy v. Miles, 93 Cal. 288, 28 Pac. 1046; Gwin v. Calegaris, 139 Cal. 384, 73 Pac. 851; Benson v. Shotwell, 87 Cal. 49, 25 Pac. 249; 2 Black, Judgm. p. 717, § 600.

In the action to quiet title, there was defect in parties defendant. 2 Black, Judgm. p. 717, § 600; Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811.

Robinson, J. The plaintiff brings this action to recover $500, with interest from July, 1912, as the balance due on a contract for the purchase and sale of an undivided half interest in a quarter section

37 N. D.—2.

of land then conveyed to the defendant by quitclaim deed, the plaintiff agreeing to perfect the title. The defense was a failure to perfect the title, and the plaintiff appeals from a judgment sustaining the defense.

The land in question is the undivided half of the N½ of the N½ of sec. 22—138—80, in Burleigh county. The title of plaintiff is based on a tax deed made by the county auditor of Burleigh county on a sale made in December, 1898, for the taxes of 1897, amounting to $11.62. The sale was made under the Laws of 1897, chap. 126, § 76. Each tract or lot must be struck off to the bidders who will pay the total amount of taxes, penalty, and cost charged against it for the smallest or least quantity thereof; and, if any tract remains unsold for want of bidders, the same shall be again offered before the sale closes, and if there be no other bidders the county treasurer shall bid for the same in the name of the county.

The tax deed is void on its face. It recites only one offer of sale to the highest bidder on the 6th day of December, 1898, of the following described tract or parcel of real property, situated in the county of Burleigh and state of North Dakota, to wit: "undivided one half of north one half of north one half of (N½ of N½), which property was returned delinquent for the nonpayment of taxes for the year 1897, amounting to eleven and $\frac{62}{100}$ dollars." In the granting clause at the end of the tax deed there is a correct description of the land in question, but under the law the deed should have contained a correct description of the land offered for sale and then a correct description of the land granted by the deed. Every material averment of the deed points to the description which is fatally defective, and the proof shows no assessment of the land for taxation, no levy of any taxes, not tax sale or notice of sale, and no redemption notice.

To base title on this sandy foundation, the plaintiff brought an action in the district court of Burleigh county, entitled as follows:

James McDonald, Plaintiff,

v.

Ferris Jacobs, Jr., and All Other Persons Unknown, Claiming Any Estate or Interest in or Lien upon the Property Described in the Complaint, Defendants.

The complaint is in the statutory form, and it correctly describes

the land. The plaintiff, by his complaint, avers that on July 10, 1911, a judgment and decree of said district court was duly given in favor of said James McDonald against all said defendants, quieting the title of James McDonald to the title based upon said tax deed against all claims of Ferris Jacobs, Jr., and all other defendants mentioned in the action. The alleged judgment was entered under chap. 5, Laws of 1901, as amended by chap. 4, Laws 1905, providing for the service of a summons by publication on unknown and unnamed owners, whether of age or minors. Chapter 4 provides that service of a summons in such action may be had upon all the unknown persons in the manner provided by law for the service by publication upon defendants *whose residence is unknown;* and in such cases the law provides that before publication of the summons a certain affidavit must be filed in the office of the clerk of the court, and the affidavit should be accompanied by a return of the sheriff of the county in which the action is brought, stating that, after diligent inquiry for the purpose of serving the summons, he is unable to make personal service thereof. Comp. Laws 1913, § 7428. In this case there was no such certificate.

The original entry of the land was made by Henry N. Notmeyer, to whom there was issued a receiver's receipt and a government patent for the land in question, and it does not appear that his title has been divested. The record shows claims to the land by Nathan Lamb, Louis Notmeyer, J. A. Brown, John H. Richards; and they might well have been named as parties defendant. In such a statutory proceeding to quiet title to land against minors and persons unknown and unnamed, there must be a strict compliance with these statutes, and the statutes must be legal and valid. As there is no brief upon that question, we do not pass upon it.

The contract of plaintiff calls for a merchantable title, and his title is not merchantable.

Judgment affirmed.